UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CHRISTIAN PERREAULT HAMEL,    )
         Plaintiff,         )
                             )
                             )
     v.                 )     Civil No. 3:18-cv-30113-KAR
                             )
                             )
THE WHEATLEIGH CORPORATION,   )
L. LINFIELD SIMON, SUSAN SIMON,   )
and MARC WILHELM,          )
         Defendants.     )

MEMORANDUM AND ORDER ON MOTION FOR APPROVAL OF FLSA SETTLEMENT
(Dkt No. 107)

ROBERTSON, U.S.M.J.

      Plaintiff Christian Perreault Hamel ("Plaintiff") has filed a motion seeking the court's

approval of the settlement he reached with The Wheatleigh Corporation ("Wheatleigh"), L.

Linfield Simon, Susan Simon, and Marc Wilhelm (collectively, "Defendants") of his claims in

this case (Dkt. No. 107). Defendants have not filed an opposition to Plaintiff's motion, and the

time for doing so has elapsed. The parties have consented to this court's jurisdiction (Dkt. No.

14). *See* 28 U.S.C. § 636(c); Fed. R. Civ. P. 73. For the reasons that follow, Plaintiff's motion is

ALLOWED.

## I.    Background

      Plaintiff initiated this action on July 17, 2018, by filing a complaint alleging that

Defendants violated the Fair Labor Standards Act ("FLSA") by misclassifying him as an exempt

employee and failing to pay him overtime wages (Dkt. No. 1). Defendants asserted that Plaintiff

fit within the executive exemption and was not entitled to overtime compensation. Following

discovery, Defendants moved for summary judgment (Dkt. Nos. 63). The court found that the

applicability of the executive exemption could not be decided as a matter of law and, therefore, denied the motion and scheduled the matter for trial (Dkt. Nos. 85, 88).  Thereafter, the parties reached an agreement to settle (Dkt. No. 89).  Plaintiff now seeks court approval of that agreement.

**II.     Discussion**

"The private settlement of FLSA claims requires the approval of either the Department of Labor or the district court."  *Singleton v. AT&T Mobility Servs., LLC*, 146 F. Supp 3d 258, 260 (D. Mass. 2015) (citing *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015); *Lynn's Food Stores, Inc. v. U.S. By & Through U.S. Dep't of Labor, Employment Standards Admin., Wage & Hour Div.*, 679 F.2d 1350, 1353 (11th Cir. 1982)).  Court approval requires a finding that all parties have agreed to the settlement and that it represents "a 'fair and reasonable resolution of a bona fide dispute over FLSA provisions.'"  *Id*. (quoting *Lynn's Food Stores*, 679 F.2d at 1355).  "When determining whether a proposed settlement is fair and reasonable, courts consider the 'totality of the circumstances,' which may include such factors as '(1) the plaintiff's range of possible recovery; (2) the extent to which "the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses"; (3) the seriousness of the litigation risks faced by the parties; (4) whether "the settlement agreement is the product of arm's-length bargaining between experienced counsel"; and (5) the possibility of fraud or collusion.'"  *Id*. at 260-61 (quoting *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012)).  In addition, if the proposed settlement includes the payment of attorneys' fees, the court is required to assess the reasonableness of the fee award. *Id*. at 260 (quoting *Mireku v. Red Vision Sys., Inc.*, No. 11 Civ. 9671 (RA) (JLC), 2013 WL 6335978, at *1 (S.D.N.Y. Dec. 6, 2013)); *see also* 29 U.S.C. § 216(b) ("The court in such action

shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable

attorney's fee to be paid by the defendant, and costs of the action."). Such review is necessary to

"assure both that counsel is compensated adequately and that no conflict of interest taints the

amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 Fed.

App'x. 349, 351 (11th Cir. 2009).

Plaintiff submitted an executed settlement agreement and release for the court's review

(Dkt. Nos. 107-1 & 107-2). Pursuant to the agreement, which was reached after multiple

mediations and settlement conferences, Defendants agree to pay Plaintiff $8,124, as well as up to

$60,000 in attorneys' fees. The $8,124 figure represents Plaintiff's single damages (Dkt. No.

107-3). The court finds that this agreement represents a "fair and reasonable resolution of a bona

fide dispute over FLSA provisions." *Lynn's Food Stores*, 679 F.2d at 1355. The settlement

results in Plaintiff recovering 100% of his single damages without facing the risks inherent in a

trial. It was the result of arms-length negotiation between counsel for both parties, and there is

no reason to suspect fraud or collusion.

Regarding the reasonableness of the attorneys' fees award, "[i]t is well settled that a

reasonable amount of fees is determined pursuant to the 'lodestar approach,' which involves

calculating 'the number of hours reasonably expended on the litigation multiplied by a

reasonable hourly rate.'" *Marrotta v. Suffolk Cnty.*, 726 F. Supp. 2d 1, 4 (D. Mass. 2010)

(quoting *Gay Officers Action League v. Puerto Rico*, 247 F.3d 288, 295 (1st Cir.2001)). In

calculating the lodestar amount, the court applies an hourly rate in accordance with the

prevailing rates in the community considering the qualifications, experience, and competence of

counsel. *Marrotta*, 726 F. Supp. 2d at 4 (citing *Gay Officers Action League*, 247 F.3d at 295).

The party seeking the attorneys' fees must prove the reasonableness of the requested rate by

establishing, through affidavits or otherwise, the experience and skill of the attorneys and the prevailing market rate in the relevant community for similarly situated attorneys. *Id*. (citing *Mogilevsky v. Bally Total Fitness Corp.*, 311 F. Supp. 2d 212, 216 (D. Mass. 2004)).   In addition to determining whether the rates sought by counsel are reasonable, the court must determine the hours reasonably expended.  "The attorney seeking fees bears the burden of providing the Court the number of hours expended shown by 'detailed contemporaneous time records' to avoid substantial reduction or, in extreme cases, disallowance of a fee award." *Marrotta*, 726 F. Supp. 2d at 6 (quoting *Grendel's Den, Inc. v. Larkin*, 749 F.2d 945, 952 (1st Cir. 1984)).  The resulting lodestar figures enjoys a presumption of reasonableness, although the court has discretion to increase or decrease it. *Id*. (citing *Lipsett v. Blanco*, 975 F.2d 934, 937 (1st Cir. 1992)).

The hourly rates submitted for Plaintiff's attorneys range from $375 to $500 for Jeffrey S. Morneau (a partner with 25 years of experience, whose rate increased by $25 each year between 2018 and 2023), $275 to $300 for Chelsea K. Choi (who had one $25 rate increase in 2021), $250 for Lan Katany, and $180 to $250 for Michael A. Rivkin (an associate with approximately 7 years of experience, whose rate increased between $20 and $25 three times between 2018 and 2022).  Morneau submitted an affidavit attesting that the hourly rates for himself and his two associates are those typically charged by partners and associates at his firm, Connor & Morneau, and that they are consistent with those charged by attorneys with similar experience in western Massachusetts (Case 3:18-cv-30095-KAR, Dkt. No. 172-1 at ¶¶ 19-20). Similarly, Rivkin submitted an affidavit attesting to the same with respect to his rates relative to those charged by associates in his firm, Cohen Kinne Valicenti & Cook LLP, and by attorneys with similar experience in western Massachusetts (Case 3:18-cv-30095-KAR, Dkt. No. 172-4 at ¶¶ 15-16).  Defendants have not filed an opposition disputing the reasonableness of these rates.

The Connor & Morneau attorneys as well as Rivkin have also submitted contemporaneous time records, which Defendants have not contested.  Regarding hours, Rivkin's records show that he spent 79.7 hours on Plaintiff's case.  The Connor & Morneau attorneys, whose time on this and two associated FLSA cases is aggregated, logged the following time in the three individual cases collectively: Morneau 329.3 hours, Choi 20.1 hours, and Katany 41.6 hours, as well as 11.2 paralegal hours.

Applying the lodestar calculation here, the attorneys' fees are $67,619.67 in Plaintiff's case.[1]  Thus, the lodestar amount, which is presumptively reasonable, exceeds the $60,000 in attorneys' fees that would be awarded pursuant to the settlement agreement.  While the recovery of attorneys' fees would be significantly higher than the award to Plaintiff, and the court has discretion to adjust the lodestar figure, *Marrotta*, 726 F. Supp. 2d at 25 (citing *Hensley*, 461 U.S. at 434), "[n]either the text nor the purpose of the FLSA … supports imposing a proportionality limit on recoverable attorneys' fees."  *Fisher v. SD Protection Inc.*, 948 F.3d 593, 603 (2d Cir. 2020).  As the Second Circuit has explained, "[a] proportionality rule would also be inconsistent with the remedial goals of the FLSA," because a percentage cap would "discourage[e] plaintiffs' attorneys from taking on 'run of the mill' FLSA cases where the potential damages are low and the risk of protracted litigation high."  *Id*.  To the contrary, "[f]ee awards in wage and hour cases should 'encourage members of the bar to provide legal services to those whose wage claims might otherwise be too small to justify the retention of able, legal counsel.'"  *Id*. (quoting *Sand v. Greenberg*, No. 08-cv-7840 (PAC), 2010 WL 69359, at *3 (S.D.N.Y. Jan. 7, 2010)).  This case

---

[1] This figure represents the value of Rivkin's time ($16,023.00) in Plaintiff's case, as well as one-third of the value of the Connor & Morneau attorneys' time in the three Individual Cases ($154,790 ÷ 3 = $51,596.67), and does not include the $8,534.16 in fees incurred by Connor & Morneau in the three Individual Cases (Case 3:18-cv-30095-KAR, Dkt. Nos. 172-3, 172-8).

fits within this mold.  While Plaintiff's single damages were relatively low, Defendants

strenuously resisted liability.  Yet, through the settlement, Plaintiff will receive his individual

damages.  Given these realities of FLSA litigation, it would be anomalous – and perhaps an

abuse of discretion – to impose a proportionality limit on the recovery of attorneys' fees.  *Id*. at

605.  Thus, it is entirely appropriate to approve the agreement of $60,000 in attorneys' fees.

## III.    Conclusion

For the above-stated reasons, Plaintiff's motion for approval of FLSA settlement (Dkt.

No. 107) is GRANTED.

It is so ordered.

/s/ Katherine A. Robertson
KATHERINE A. ROBERTSON
United States Magistrate Judge

DATED:  April 16, 2024